**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3451
_____

SHAWN T. WALKER,
                                          Appellant

v.

GEORGE LITTLE, Acting Secretary of Pennsylvania Department of Corrections;
MR. J. HALL; KELLY LONG; MR. WILLIAMS, III; MR. B.A. GAY; MR. J.
FREEMAN; MR. D.K. SMITH; MR. N. MACCAIN; MR. S. SWARY; MR. J. BLUME;
MR. C. FOREMAN; MR. M. SOMPEL; MR. W.L. JAMES; JOHN DOE; JANE ROE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-04460)
District Judge:  Honorable Gene E.K. Pratter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 16, 2023
Before: KRAUSE, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: March 20, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Shawn T. Walker appeals the District Court's order dismissing his complaint for failure to exhaust his administrative remedies. For the reasons that follow, we will summarily affirm the District Court's order.

Walker, a Pennsylvania prisoner, filed a civil rights complaint alleging that prison officials violated his rights in several instances when they gave him photocopies of his legal mail and kept the originals.[1] He also alleged that on a few occasions prison officials returned his legal mail to the sender when Walker refused to sign the legal mail log to acknowledge that he had received his legal mail. Before service, the District Court dismissed Walker's claims that Appellees' actions violated due process, the Eighth Amendment, and his First Amendment right to access the courts. It also dismissed his claims for declaratory relief. Only Walker's claims that his First Amendment right to free speech was violated remained. The Appellees then filed a motion to dismiss, arguing that Walker had failed to exhaust his administrative remedies. The District Court agreed and dismissed Walker's complaint. Walker filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A prisoner may not file a complaint under 42 U.S.C. § 1983 until he has exhausted available administrative remedies. See 42 U.S.C. § 1997e(a). In order to properly exhaust a claim, a prisoner must comply with the prison's deadlines and procedural rules. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). "[I]t is the prison's requirements, and not the [Prison Litigation

---

[1] The prison officials were acting pursuant to a policy that has since been discontinued.

2

Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Appellees argued, and the District Court agreed, that Walker did not exhaust his claim for monetary relief because he did not request money damages in his grievance as required by the prison's grievance policy. We exercise de novo review over the District Court's determination that Walker failed to properly exhaust his administrative remedies. Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 153 (3d Cir. 2016).

In Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004), we concluded that an inmate did not default his claim for money damages when he failed to request such damages in his grievance. The prison's grievance policy at the time did not require an inmate to request specific relief in a grievance. See id. (examining prior exhaustion policy and noting that "[n]othing in the Grievance System Policy would have put Spruill on notice that he had to ask for money damages–or any particular form of relief at all."). We noted that prison officials could amend the grievance policy to require more of inmates in order to exhaust a claim. Id. at 235. The prison officials in Pennsylvania did, in fact, amend the grievance policy to require that if an inmate seeks compensation, the inmate must request that relief in the grievance. See Commonwealth of Pennsylvania, Department of Corrections, Inmate Grievance System, Policy No. DC-ADM 804(1)(A)(11)(d) ("If the inmate desires compensation or other legal relief normally available from a court, the inmate shall request the relief with specificity in his/her initial grievance."); cf. Spruill, 372 F.3d at 234 (contrasting language in prior policy with a potential amendment); Byrd v. Shannon, 715 F.3d 117, 127 (3d Cir. 2013) (concluding that prisoner failed to exhaust

3

when he did not name defendant in his grievance as required by the prison grievance procedure).

In response to Appellees' arguments in the District Court, Walker did not dispute that he did not request monetary relief in any of his grievances. Rather, he argued that the Inmate Handbook that he was given did not instruct inmates that they must request compensation in their grievances or refer them to any additional instructions or requirements. He is correct that the section of the handbook describing the grievance process does not include the requirement that specific relief such as monetary damages be requested. However, at the beginning of the handbook, the inmate is advised that any changes to the prison's policies will be effective regardless of whether they are in the handbook. The inmate is informed that copies of the policies are available in his housing unit. Thus, Walker had notice that the inmate handbook may not include all the details of the grievance procedure. And as noted by the District Court, the inmate grievance form refers the inmate to DC-ADM 804 for the relevant procedures. Moreover, the instructions on the grievance form advise the inmate to "[s]tate all relief that you are seeking." The Chief Grievance Officer in her Final Appeal Decisions for several grievances noted that Walker had sought no relief in his initial grievances. There was no misrepresentation by prison staff that rendered the grievance process unavailable to Walker. See Ross v. Blake, 578 U.S. 632, 644 (2016) (holding that there is an exception to the exhaustion requirement if the process is made unavailable by prison officials thwarting its use through "machination, misrepresentation, or intimidation."); Hardy v. Shaikh, 959 F.3d 578, 588 (3d Cir. 2020) (explaining that inmate must show, inter alia,

4

that the "misrepresentation is one which a reasonable inmate would be entitled to rely on and sufficiently misleading to interfere with a reasonable inmate's use of the grievance process").

The District Court did not err in determining that Walker had failed to properly exhaust his claim for money damages and dismissing his complaint. Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See 3d Cir. I.O.P. 10.6.[2] Appellant's motion for the appointment of counsel is denied.

---

[2] We find no error in the District Court's dismissal before service of Walker's due process, legal access, and Eighth Amendment claims as well as his request for declaratory relief. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (stating that in order to allege a claim of the denial of access to the courts, a prisoner must allege that he was hindered in his efforts to litigate a nonfrivolous or arguable claim); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that post-deprivation remedies provide sufficient due process for deprivations of property).